NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 5 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DARIO ANTONIC,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.  19-72475

Agency No. A088-106-503

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020[**]

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Dario Antonic, a native of Yugoslavia and citizen of Bosnia and

Herzegovina, petitions pro se for review of the Board of Immigration Appeals'

order dismissing his appeal from an immigration judge's decision denying his

applications for asylum, withholding of removal, relief under the Convention

Against Torture ("CAT"), and cancellation of removal.  Our jurisdiction is

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Antonic's admission that he misrepresented the date he entered the United States.  *See id*. at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *see also Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story.").  Antonic's explanation for the misrepresentation does not compel a contrary result.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  Substantial evidence also supports the agency's finding that Antonic's corroborative evidence did not otherwise establish his eligibility for relief.  *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to rehabilitate credibility or independently support claim).  Thus, in the absence of credible testimony, in this case, we deny the petition for review as to Antonic's asylum and withholding of removal claims.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In addition, substantial evidence supports the agency's denial of Antonic's CAT claim because it was based on the same evidence found not credible, and Antonic does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Bosnia and Herzegovina. *See id.* at 1156-57.

We lack jurisdiction to review the agency's denial of cancellation of removal based on its discretionary determination that Antonic failed to show exceptional and extremely unusual hardship to a qualifying relative. *See* 8 U.S.C. § 1252(a)(2)(B); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (court lacks jurisdiction to review discretionary hardship determinations).

In light of this disposition, we need not reach Antonic's contentions concerning the agency's frivolous asylum application determination, the serious nonpolitical crime bar, or whether he was subjected to battery or extreme cruelty. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**